UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JOAN O'MALLEY        Civil Action No.

              Plaintiff,

-against-        CV 10-5514

           NOTICE OF REMOVAL
           PURSUANT TO

DELTA AIRLINES, INC. and PORT AUTHORITY    28 U.S.C. §§ 1441 and 1332
OF NEW YORK AND NEW JERSEY,

            Defendants

------------------------------------------------------------x

DEARIE, CH. J.

MANN. M.J.

       Defendants DELTA AIR LINES, INC., sued herein as DELTA AIRLINES, INC. ("Delta") and the PORT AUTHORITY OF NEW YORK AND NEW JERSEY (the "Port Authority"), by their attorneys, McKeegan & Shearer, P.C., hereby remove this action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1441 and 1332.

       1.    Plaintiff allegedly served the Summons and Verified Complaint in this action against Delta on or about November 16, 2010 and upon the Port Authority on November 4, 2010. A copy of the Summons and Verified Complaint are annexed hereto as Exhibit "A." Upon information and belief, the Verified Complaint was the first pleading served in the action. No further proceedings have been had in the action.

       2.    Upon information and belief, plaintiff was and still is, for diversity and removal jurisdiction purposes, a citizen and resident of the State of Florida.

       3.    At the time of the alleged service of the Summons and Verified Complaint, Delta was and is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business in the State of Georgia.

4. At the time of the alleged service of the Summons and Verified Complaint, the Port Authority was and is a body, corporate and politic created by Compact between the States of New York and New Jersey with the consent of the Congress of the United States.

5. The above-described action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by defendants herein pursuant to 28 U.S.C. § 1441 because it is a civil action wherein the matter in controversy allegedly exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

6. This is a civil action brought in a state court of which the district court of the United States has original jurisdiction.

7. Defendants will pay all costs and disbursements accrued by reason of this removal proceeding should it be determined that this case is not removable or is improperly removed.

WHEREFORE, defendants DELTA AIR LINES, INC. and PORT AUTHORITY OF NEW YORK AND NEW JERSEY respectfully submit that this notice complies with the statutory removal requirements and that this action should proceed in this Court as a properly removed action and that defendant have such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      November 23, 2010

McKEEGAN & SHEARER, P.C.

By_____
    George P. McKeegan (GPM 8602)
Attorneys for Defendants
192 Lexington Avenue, Suite 701
New York, New York 10016
(212) 661-4200


TO:   DRABKIN & MARGULIES
      Attorneys for Plaintiff
      120 Broadway, Suite 1150
      New York, New York 10271
      (212) 964-3400

**EXHIBIT "A"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------X
JOAN O'MALLEY

                              Plaintiff,

                -against-

DELTA AIRLINES, INC. and PORT AUTHORITY OF
NEW YORK AND NEW JERSEY

                             Defendants.

---------------------------------------------------------------X

Index No.: 25289/10
Date Purchased: 10/6/10
**SUMMONS**

Plaintiffs designate Queens
County as the place of trial.

The basis of venue is:
Accident location

Plaintiffs reside at:
10227 Skyland Street
Spring Hill, FL 34608
County of Hernando

**To the above named Defendants:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:       New York, New York
               October 5, 2010

                                            RALPH J. DRABKIN
                                            DRABKIN & MARGULIES
                                            Attorneys for Plaintiff JOAN O'MALLEY
                                            120 Broadway, Suite 1150
                                            New York, New York 10271
                                            (212) 964-3400
                                            Our File No. T7175

TO:
DELTA AIRLINES, INC.
JFK International Airport – Building 53
Jamaica, NY 11430

PORT AUTHORITY OF NEW YORK AND NEW JERSEY
Claims
225 Park Avenue South
New York, NY 10003

2010 OCT -6 AM 9:35
QUEENS COUNTY CLERK
RECEIVED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------X
JOAN O'MALLEY

         Plaintiff,

-against-

DELTA AIRLINES, INC. and PORT AUTHORITY OF
NEW YORK AND NEW JERSEY,

         Defendants.
----------------------------------------------------------------X

Index No.: 25289/10
Date Purchased: 10/6/10

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, **DRABKIN & MARGULIES**, complaining of the Defendants, respectfully alleges, upon information and belief:

1. That at the time of the commencement of this action, Plaintiff resided in the County of Hernando, State of Florida.

2. That the cause of action alleged herein arose in the County of Queens, City and State of New York.

3. That this action falls within one or more of the exemptions set forth in CPLR §1602.

4. That at all times herein mentioned, Defendant **PORT AUTHORITY OF NEW YORK AND NEW JERSEY ("PORT AUTHORITY")** was and still is a public authority and/or public corporation and/or domestic corporation duly organized and existing under the laws, statutes, rules and charters of the State of New York.

5. That prior hereto on June 29, 2010, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on the claimant's behalf on the **PORT AUTHORITY** and that thereafter said **PORT AUTHORITY** has refused or neglected for more than

sixty (60) days after filing of the Notice of Claim to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

6. That this action is being commenced within one year after accrual of this cause of action, or within the time allowed by law.

7. That at all times hereinafter mentioned, the Defendant **DELTA AIRLINES, INC.** (hereinafter referred to as "**DELTA**") was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. That at all times hereinafter mentioned, the Defendant **DELTA** was and still is a foreign corporation duly authorized to do business in the State of New York.

9. That at all times hereinafter mentioned, the Defendant **DELTA** maintained its principal place of business in the City of Atlanta, State of Georgia, and transacted business at JFK International Airport in the County of Queens, City and Sate of New York, including from the Delta Airlines Terminate 3, Gate 7.

10. That at the aforementioned Terminal 3, passengers who would disembark from a Delta Airlines airplane would be afforded a jet bridge/jet way/walkway (hereinafter the "jet bridge") which would serve as a pedestrian connection walkway area directly from the airplane to the terminal.

11. That on June 4, 2010, and at all times herein mentioned, Defendant **PORT AUTHORITY**, was the custodial owner which owned, maintained, renovated, controlled and/or repaired the jet bridge located between the Delta Airline's airplane and the Delta Airline's Terminal 3, Gate 7 at the JFK International Airport, County of Queens, State of New York.

12. That on June 4, 2010, and at all times herein mentioned, Defendant **DELTA**, was the custodial owner which owned, maintained, renovated, controlled and/or repaired the jet bridge located

between the Delta Airline's airplane and the Delta Airline's Terminal 3, Gate 7 at the JFK International Airport, County of Queens, State of New York.

13. That on June 4, 2010, and at all times herein mentioned, it was the duty of defendant **PORT AUTHORITY** to maintain the jet bridge at the above location in a reasonably safe condition.

14. That on June 4, 2010, and at all times herein mentioned, it was the duty of defendant **DELTA** to maintain the jet bridge at the above location in a reasonably safe condition.

15. On June 4, 2010 at 5:40 p.m., Plaintiff **JOAN O'MALLEY** was lawfully a pedestrian on the aforesaid jet bridge, having disembarked from a Delta Airlines airplane at Terminate 3, Gate 7 at JFK International Airport, County of Queens, State of New York.

16. That on June 4, 2010 at 5:40 p.m., Plaintiff **JOAN O'MALLEY** was afforded the use of the jet bridge as the exclusive walkway device to get from the airplane to the terminal.

17. That on June 4, 2010 at 5:40 p.m., while Plaintiff was lawfully walking on the jet bridge, she was caused to trip and fall and sustain severe and permanent injuries.

18. The above mentioned occurrence, and the results thereof, were caused solely and wholly by the negligence of the Defendants, their agents, servants, employees and/or licensees in the ownership, operation, management, maintenance and control of the aforesaid jet bridge, and its component parts.

19. That, upon information and belief, Defendants caused and created the defective, hazardous condition which gave rise to the within action.

20. That, upon information and belief, Defendants had actual and/or constructive notice of the defective condition which gave rise to the within action.

21. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

22. That by reason of the foregoing, Plaintiff **JOAN O'MALLEY** was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

23. That by reason of the foregoing, Plaintiff **JOAN O'MALLEY** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, and each of them, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: New York, New York
October 5, 2010

Yours, etc.

RALPH J. DRABKIN
DRABKIN & MARGULIES
Attorneys for Plaintiff JOAN O'MALLEY
120 Broadway, Suite 1150
New York, New York 10271
(212) 964-3400
Our File No. T7175

## ATTORNEY'S VERIFICATION

RALPH J. DRABKIN, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at DRABKIN & MARGULIES, attorneys of record for Plaintiff. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

DATED:   New York, New York
         October 5, 2010

RALPH J. DRABKIN

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

JOAN O'MALLEY

                Plaintiff,

-against-

DELTA AIRLINES, INC. and PORT AUTHORITY OF NEW YORK AND NEW JERSEY

                Defendants.

---

**SUMMONS & VERIFIED COMPLAINT**

---

**DRABKIN & MARGULIES**
*Attorneys for Plaintiff*
**120 Broadway, Suite 1150
New York, New York 10271
(212) 964-3400**

---

TO:

